## Horbach *against* Huey.

An objection to a plaintiff's right of appeal, decided on motion by the court below, cannot be made the subject of a plea in bar by the defendant in the same action.

ERROR to the common pleas of *Indiana* county.

John Huey against Abraham Horbach. Action of covenant. When this cause was pending before arbitrators under the compulsory arbitration law, the parties entered into an agreement that they would abide by the award, upon condition that the defendant would do a certain act, in compliance with the terms of the contract upon which the action was founded. After the arbitrators made their award, the plaintiff entered an appeal. The defendant moved the court to strike off the appeal, which was refused. The defendant then pleaded specially the agreement of the parties to abide by the award, and that the award was made accordingly.

The court below instructed the jury to disregard this plea, and to decide the case upon the pleas of *non infregit conventiones* and covenants performed, and upon its merits; that the right of appeal was not the subject of a plea in bar.

[Horbach v. Huey.]

*H. D. Foster,* for plaintiff in error, cited, 3 *Penns. Rep.* 99, 191.

*Buffington,* for defendant in error.

The opinion of the Court was delivered by

SERGEANT, J.—The right of a party to appeal from an award of arbitrators made under a compulsory reference, has always been decided on motion to the court.　I am not aware of any case in which the objection to a plaintiff's right of appeal has been made the subject of a plea in bar by the defendant, and it would be inconvenient that it should be.　To make the right of appeal a subject of pleading would embarrass the record with a multiplicity of issues, would contribute to delay, and refer to a jury the decision of preliminary and collateral facts which heretofore have been summarily decided by the court on motion.　It was in conformity with this practice that the defendant in the present instance moved the court to strike off the plaintiff's appeal, which motion the court, after a hearing, rejected.　The grounds on which this motion was heard and determined, do not appear on the record before us, and therefore we are not able to re-examine them.　The defendant was concluded, so far as respected the court below, by the result of that motion, and could not, after having failed there, avail himself of it, by pleading either the same or any other objection to the appeal as a plea in bar.

Judgment affirmed.